UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH LAMANTIA,<br>Plaintiff,<br>v.<br>COUNTY OF STANISLAUS, et al.,<br>Defendants. | No. 2:24-cv-02173-DAD-SCR<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS IN PART<br><br>(Doc. No. 18) |

This matter is before the court on defendants' motion for judgment on the pleadings. (Doc. No. 18.) On November 18, 2025, the motion was taken under submission on the papers. (Doc. No. 23.) For the reasons explained below, the court will grant defendants' motion in part.

**BACKGROUND**

On or about July 10, 2024, plaintiff Joseph Lamantia initiated this action by filing a complaint in the Stanislaus County Superior Court. (Doc. No. 1 at 2.) On August 5, 2024, plaintiff filed the operative first amended complaint ("FAC"). (*Id.*) On August 13, 2024, defendants County of Stanislaus ("defendant County"), Birgit Fladager ("Fladager"), Jeff Laugero ("Laugero"), and John Locke ("Locke") (collectively, "defendants"), removed the action to this federal court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. (Doc. No. 1 at 1.) In his FAC, plaintiff alleges as follows.

Plaintiff is a former police officer with the Modesto Police Department ("MPD"). (*Id.* at 9.) On or about December 29, 2020, plaintiff shot and killed an individual in an officer-involved shooting. (*Id.*) Thereafter, MPD and the Stanislaus County District Attorney's office investigated the shooting. (*Id.*)

On or about March 18, 2021, Fladager, the Stanislaus County District Attorney from 2016 to January 3, 2023, announced that plaintiff was being charged with voluntary manslaughter in connection with the shooting. (*Id.* at 7, 10.) In July 2022, Fladager hired an expert, Jeffery Martin, who prepared a report that found that plaintiff's actions were within MPD policy and the shooting was justified. (*Id.* at 10.) After receiving the report, Fladager refused to dismiss the charges brought against plaintiff, and Locke, the lead investigator for the Stanislaus County District Attorney's office, conducted his own investigation. (*Id.* at 10–11.) Locke prepared a report summarizing his investigation, which was based entirely upon an improper "hindsight" perspective. (*Id.* at 11, 41.) Locke, under the direction and supervision of Fladager and then Laugero (who succeeded Fladager as the Stanislaus County District Attorney on January 3, 2023), illegally created the report to refute Martin's report and justify plaintiff's continued criminal prosecution. (*Id.* at 58, 61, 93–101.)

Between March 21, 2023 and April 12, 2023, Laugero presented numerous witnesses during plaintiff's preliminary hearing, including Locke. (*Id.* at 7, 11). On July 21, 2023, the Stanislaus County Superior Court dismissed all charges against plaintiff. (*Id.*)

Based on these and other allegations, plaintiff asserts the following 18 causes of action: (1) four causes of action for an unconstitutional custom or policy in violation of 42 U.S.C. § 1983, against defendant County; (2) four causes of action for failure to train in violation of 42 U.S.C. § 1983, and under *Monell*[1] against defendant County; (3) a *Monell* claim for municipal liability under a theory of ratification, 42 U.S.C. § 1983, against defendant Fladager; (4) a *Monell* claim for municipal liability under a theory of ratification, 42 U.S.C. § 1983, against defendant Laugero; (5) abuse of process, 42 U.S.C. § 1983, against defendants Fladager and Locke;

---

[1] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

(6) abuse of process, 42 U.S.C. § 1983, against defendants Laugero and Locke; (7) *Monell* and supervisory liability, 42 U.S.C. § 1983, against defendant Fladager; (8) *Monell* and supervisory liability, 42 U.S.C. § 1983, against defendant Laugero; (9) intentional infliction of emotional distress against defendants Fladager and Locke; (10) intentional infliction of emotional distress against defendants Laugero and Locke; (11) negligence against Fladager and Locke; and (12) negligence against Laugero and Locke. (*Id.* at 64–117.) Plaintiff seeks general and special damages against all defendants jointly and severally; punitive and exemplary damages against the individual defendants jointly and severally; attorneys' fees and costs; and all other relief that the court "deems just and proper." (*Id.* at 118.)

On October 31, 2025, defendants filed the pending motion for judgment on the pleadings. (Doc. No. 18.) On November 13, 2025, plaintiff his opposition to the motion and then filed an amended opposition on November 14, 2025.[2] (Doc. Nos. 21, 22.) On November 18, 2025, defendants filed their reply thereto. (Doc. No. 24.)

**LEGAL STANDARD**

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." In reviewing a motion brought under Rule 12(c), the court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the nonmoving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

The same legal standard applicable to a Rule 12(b)(6) motion applies to a Rule 12(c) motion. *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). Accordingly, "judgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Marshall Naify Revocable Tr. v. United States*, 672 F.3d 620, 623 (9th Cir. 2012) (quoting *Fajardo v. County of Los Angeles*, 179 F.3d 698, 699 (9th Cir. 1999)); *see also Fleming*, 581 F.3d at 925

[2] Plaintiff filed the amended opposition within the deadline to respond to the motion. Defendants raise no objection and appear to have responded to plaintiff's amended opposition in their reply. Accordingly, the court will treat the amended opposition as the operative opposition.

(noting that "judgment on the pleadings is properly granted when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law"). The allegations of the nonmoving party must be accepted as true, while any allegations made by the moving party that have been denied or contradicted are assumed to be false. *MacDonald v. Grace Church Seattle*, 457 F.3d 1079, 1081 (9th Cir. 2006). The facts are viewed in the light most favorable to the non-moving party and all reasonable inferences are drawn in favor of that party. *Living Designs, Inc. v. E.I. DuPont de Nemours & Co.*, 431 F.3d 353, 360 (9th Cir. 2005).

Courts have discretion both to grant a motion for judgment on the pleadings with leave to amend or to simply grant dismissal of causes of action rather than grant judgment as to them. *Lonberg v. City of Riverside*, 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004) (citations omitted); *see also Pac. W. Grp. v. Real Time Sols., Inc.*, 321 Fed. App'x 566, 569 (9th Cir. 2008)[3]; *Woodson v. California*, No. 2:15-cv-01206-MCE-CKD, 2016 WL 524870, at *2 (E.D. Cal. Feb. 10, 2016).

**ANALYSIS**

Defendants move for judgment on the pleadings with respect to all 18 causes of action asserted in plaintiff's FAC. The court addresses each argument in turn below.

**I. Claims Against Defendant County (Claims 1–8)**

Defendants argue that defendant County is not a proper defendant to this action and that counts one through eight must be dismissed for that reason alone. (Doc. No. 18-1 at 4–5.) According to defendants, because counts one through eight "are based on whether to file or not file criminal charges, or to continue to prosecute or not prosecute pending charges," the district attorney was acting as a state official, not a county official. (*Id.* at 4–5, 7; Doc. No. 24 at 5.) As such, defendants argue that the correct defendant would therefore be the State of California, which is not subject to suit under § 1983. (Doc. No. 18-1 at 4–5.) Plaintiff does not appear to

/////

/////

/////

---

[3] Citation to this and other unpublished Ninth Circuit opinions in this order is appropriate pursuant to Ninth Circuit Rule 36–3(b).

directly address this argument.[4] (*See generally* Doc. No. 22.) Accordingly, plaintiff concedes this point. *See California Grocers Ass'n v. City of Santa Ana*, No. 8:21-cv-00705-DOC-JDE, 2021 WL 4439092, at *2 (C.D. Cal. June 30, 2021) ("Plaintiff did not address this point in its opposition to the motion. This Court accordingly recognizes Plaintiff's silence as a concession.").

Nonetheless, the court is persuaded by defendants' argument. The Ninth Circuit has held that a district attorney acts as a state official, not a county one, when deciding whether to prosecute. *Weiner v. San Diego Cnty.*, 210 F.3d 1025, 1031 (9th Cir. 2000) ("We conclude that a California district attorney is a state officer when deciding whether to prosecute an individual."); *see also Pitts v. Cnty. of Kern*, 17 Cal.4th 340, 362 (1998) (concluding that California district attorneys act on behalf of the State in prosecuting and preparing to prosecute criminal cases). Here, counts one through eight are premised upon the alleged unlawful criminal investigation and prosecution of plaintiff by defendants Fladager, Laugero, and Locke. (*See* Doc. No. 1 at 64–90.) Therefore, plaintiff's § 1983 claims against defendant County fail and must be dismissed. *See Cha v. City & Cnty. of San Francisco*, No. 24-cv-04700-PHK, 2025 WL 2782587, at *13 (N.D. Cal. Sept. 30, 2025) (dismissing *Monell* claims brought against the county premised on allegations of malicious prosecution and investigation "because the [district attorney's office] [was] a state actor (not a municipal actor) with regard to prosecutorial functions under *Weiner*").

Because the court will elect to dismiss plaintiff's claims one through eight for this reason, the court need not address defendants' remaining arguments in support of the dismissal of those claims.

/////

/////

---

[4] In response to separate arguments advanced by defendants, plaintiff contends that these are "fabrication of evidence" claims and do not arise from the decision to prosecute plaintiff. (*See* Doc. No. 22 at 5–17.) Even if plaintiff had advanced that argument here, the court's holding would not be affected. Based on the court's review of the FAC, counts one through eight are unquestionably premised upon alleged unconstitutional policies that resulted in the decision by both Stanislaus County District Attorneys Fladager and Laugero to initially charge and continue to prosecute plaintiff. (*See* Doc. No. 1 at 64–90.)

**II. Claims Brought Against Defendants Fladager, Laugero, and Locke in Their Official Capacities (Claims 9–14)**

Defendants first argue that plaintiff's claims nine through fourteen asserted against the individual defendants in their official capacities should be dismissed as duplicative of his *Monell* claims asserted against the defendant County. (Doc. No. 18-1 at 4.) The court finds this argument is now moot given that it will dismiss plaintiff's claims asserted against defendant County. Defendants next argue that claims nine through fourteen are barred by the Eleventh Amendment. (Doc. No. 18-1 at 4–5.) In opposition, plaintiff argues that defendants are not entitled to "absolute immunity" because their actions were administrative or investigative, not prosecutorial. (Doc. No. 22 at 11–16.)

As discussed above, district attorneys function as officers of the state when deciding whether to criminally prosecute an individual. *Weiner*, 210 F.3d at 1031; *Vasquez v. Rackauckas*, 734 F.3d 1025, 1041 (9th Cir. 2013) ("A 'California district attorney is a state officer when deciding whether to prosecute an individual,' and when 'investigating and proceeding with criminal prosecutions.'") Plaintiff does not appear to contest defendants' assertion that his claims nine through fourteen brought against the individual defendants are substantively "indistinguishable" from his claims asserted against the defendant County. (Doc. Nos. 22 at 20;18-1 at 4.) Thus, as with plaintiff's counts one through eight, his counts nine through fourteen are premised upon the alleged unlawful criminal investigation and prosecution of plaintiff by defendants Fladager, Laugero, and Locke. Accordingly, Fladager, Laugero, and Locke[5] functioned as state officers and "enjoy sovereign immunity under the Eleventh Amendment . . . when, as here, the suit is for the recovery of monetary damages from the state." *Taylor v. Garcetti*, 55 F. App'x 853, 854 (9th Cir. 2003) (affirming the determination that the

---

[5] Courts in this Circuit have found that Eleventh Amendment immunity also applies to investigators such as Locke. *See, e.g.*, *Robicheaux v. Cnty. of Orange*, 750 F. Supp. 3d 1161, 1170 (C.D. Cal. 2024) (holding that Eleventh Amendment immunity applied to a district attorney and the lead investigator); *Ornelas v. State*, No. 8:25-cv-02240-MCS-JC, 2026 WL 127738, at *5 (C.D. Cal. Jan. 12, 2026) (finding that suit against individual defendants, including a state prosecutor and state investigators, in their official capacities was barred by the Eleventh Amendment).

plaintiff failed to state § 1983 claims against district attorneys in their official capacities because, as officers of the state, they were immune from suit under the Eleventh Amendment). The court will therefore also elect to dismiss plaintiff's claims nine through fourteen.

Because the court will dismiss plaintiff's claims nine through fourteen based on Eleventh Amendment immunity, the court need not address defendants' remaining arguments in support of the dismissal of those claims.

**III. State Law Claims (Claims 15–18)**

Because plaintiff's only remaining claims are his state law claims asserted against defendants Fladager, Laugero, and Locke, out of an abundance of caution the court will decline to exercise supplemental jurisdiction over these claims. *See Doe 1 v. Cmty. Med. Centers, Inc.*, No. 2:24-cv-01669-DAD-CSK, 2024 WL 4608001, at *3 (E.D. Cal. Oct. 29, 2024) (declining to exercise jurisdiction over remaining state law claims). Accordingly, this action will be remanded to the Stanislaus County Superior Court to determine if claims fifteen through eighteen are subject to dismissal.[6] *See id.* (remanding state law claims to state court); *see also* 28 U.S.C.

---

[6] While the court declines to exercise supplemental jurisdiction over these claims, it expresses serious skepticism as to their viability. Defendants argue in summary fashion that claims fifteen through eighteen are barred by California Government Code § 821.6 because the claims arise from defendants' charging decisions and prosecution of plaintiff. (Doc. No. 18-1 at 9–10.) Plaintiff does not address this argument in his opposition at all. (*See generally* Doc. No. 22.) Based on the court's review of the FAC, plaintiff's negligence and intentional infliction of emotional distress claims appear clearly to be based principally on defendants' allegedly unlawful investigation and prosecution of plaintiff. (Doc. No. 1 at 107–17.) California Government Code § 821.6 would therefore bar these claims. *See* Cal. Gov't. Code § 821.6 ("A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause."); *see also Leon v. Cnty. of Riverside*, 14 Cal. 5th 910, 922 (2023) ("[S]ection 821.6 is more aptly characterized as providing immunity against liability for claims of injury based on tortious or wrongful prosecution. The immunity is narrow in the sense that it applies only if the conduct that allegedly caused the plaintiff's injuries was the institution or prosecution of an official proceeding. But this immunity is broad in the sense that it applies to every such tort claim, whether formally labeled as a claim for malicious prosecution or not."); *Zilinskas v. Cnty. of Monterey*, 819 F. Supp. 3d 1026, 1040 (N.D. Cal. 2026) (finding that district attorney and investigator defendants were immune under § 821.6 from claims for negligent supervision and negligent and intentional infliction of emotional distress). Accordingly, "nothing in the Complaint or [plaintiff]'s Opposition suggest that amendment would cure" his claims fifteen through eighteen. *Quonset Partners, LLC v. City of Coachella*, No. 5:22-cv-00672-JGB-KK, 2022 WL 18359138, at *5 (C.D. Cal. Dec. 9, 2022).

§ 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction . . . .").

**IV. Leave to Amend**

Generally, dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." *Intri-Plex Techs. v. Crest Grp.*, 499 F.3d 1048, 1056 (9th Cir. 2007) (citation omitted); *see also Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . ."). These same standards apply whether dismissal is in response to a motion for judgment on pleading brought pursuant to Rule 12(c) or a motion to dismiss bought under Rule 12(b)(6). *Pac. W. Grp.*, 321 F. App'x at 569.

As explained above, plaintiff's claims one through fourteen fail as a matter of law and any amendment as to those claims would therefore be futile. *See Sternberg v. Hendrickson*, No. 24-cv-04271-AMO, 2025 WL 2606982, at *1–2 (N.D. Cal. Sept. 8, 2025) (dismissing plaintiffs' § 1983 claims that were barred by the Eleventh Amendment without leave to amend because the claims were "not viable as a matter of law").

**CONCLUSION**

For the reasons explained above,

1. Defendants' motion for judgment on the pleadings (Doc. No. 18) is GRANTED in part as follows:
    a. Claims one through fourteen are dismissed without leave to amend; and
    b. The court declines to exercise supplemental jurisdiction over plaintiff's state law claims (claims fifteen through eighteen), and defendants' motion for judgment on the pleadings in their favor as to those claims is denied as having been rendered moot by this order;

/////

/////

/////

2. Plaintiff's remaining state law claims are REMANDED to the Stanislaus County Superior Court; and

3. The Clerk of the Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated: **November 3, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE